JEFFREY BLASI *vs.* COMMONWEALTH. September 9, 2003. *Bail.*

The District Court judge ordered that bail for Jeffrey Blasi (defendant) be revoked pursuant to paragraph three of G. L. c. 276, § 58, based on allegations that the defendant, while released on bail, committed two counts of breaking and entering with the intent to commit a felony, two counts of intimidation of a witness, one count of malicious destruction of property over $250, and one count of use of a motor vehicle without authority.

---

On September 12, 2002, the defendant was arraigned in the Cambridge District Court on five counts of larceny over $250 (G. L. c. 266, § 30), and one count of malicious destruction of property (G. L. c. 266, § 127). Bail was set and the defendant was advised of the potential for bail revocation pursuant to G. L. c. 276, § 58, if he were charged with committing a subsequent offense during the period of his release. The defendant posted bail and was released.

On January 28, 2003, the defendant was arraigned in the Cambridge District Court on two counts of breaking and entering in the daytime with intent to commit a felony (G. L. c. 266, § 18), two counts of witness intimidation (G. L. c. 268, § 13B), malicious destruction of property over $250 (G. L. c. 266, § 127), and use of a motor vehicle without authority (G. L. c. 90, § 24). The Commonwealth moved to revoke the defendant's bail for up to sixty days on the prior charges. At the bail revocation hearing, the Commonwealth presented a police report describing the new offenses. The court also had before it the defendant's board of probation record. The defendant requested an evidentiary hearing and argued that the bail revocation procedures set forth in the third paragraph of G. L. c. 276, § 58, were unconstitutional. The judge found that there was probable cause to believe that the defendant had committed all of the new offenses, with the exception of the two counts of witness intimidation, during the period that he had been free on bail; that the release of the defendant would endanger several specified members of the community; and that no conditions of release imposed on the defendant would reasonably assure their safety. The judge further found that the defendant had pending cases for very serious offenses in three District Courts and for armed robbery as a youthful offender in the Juvenile Court. Accordingly, the judge revoked the defendant's bail with respect to the prior charges.[1]

For the reasons that we articulated in *Paquette* v. *Commonwealth, ante* 121 (2003), revocation of the defendant's bail pursuant to G. L. c. 276, § 58, did not violate his constitutional rights to due process under the Fourteenth Amendment to the United States Constitution and art. 12 of the Massachusetts Declaration of Rights. Further, the standard of probable cause to arrest, rather than the standard of probable cause to bind over "directed verdict" standard set forth in *Myers* v. *Commonwealth*, 363 Mass. 843 (1973), is appropriate to a bail revocation hearing. See *Paquette* v. *Commonwealth, supra* at 131-132.

The order revoking the defendant's bail is affirmed.

*So ordered.*

*Daniel Beck* for Jeffrey Blasi.

*Kevin J. Curtin*, Assistant District Attorney (*Sarah Weyland Ellis*, Assistant District Attorney, with him) for the Commonwealth.

---

[1] The judge also set bail of $2,500 as to the new offenses.